FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 JAN 30 PM 3:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CHRISTY A. STANLEY

CASE NO. 8:2020cr48 T35 TGW

18 U.S.C. § 1343

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Wire Fraud)

### Introduction

At all times material to this Information:

1. CHRISTY A. STANLEY, a resident of New Port Richey, in the Middle District of Florida, and a licensed title agent, worked for a title company (hereinafter "FTS"). STANLEY managed the company's New Port Richey office and served as a title closer for real estate transactions.

2. FTS maintained an escrow account at Valley National Bank for real estate transactions handled by its New Port Richey office. STANLEY was authorized to initiate, send, and receive wires of funds in connection with her duties.

## The Wire Fraud Scheme

3. Beginning on an unknown date, but at least as early as in or about June 2018, and continuing thereafter, through and including at least in or about October 2018, in the Middle District of Florida, the defendant,

**CHRISTY A. STANLEY,**

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire and radio communication in interstate and foreign commerce of any writings, signs, signals, and sounds.

## Manner and Means of the Scheme

4. The manner and means by which the defendant sought to accomplish the objects and purpose of the wire fraud scheme included, among others, the following:

   a. It was a part of the wire fraud scheme that the defendant would and did enter into an online romantic relationship with another individual using the name "Andrei Aurel," who represented that he was living and working outside of the United States and that he wanted to relocate to the United States to be with the defendant.

b.    It was a further part of the wire fraud scheme that the defendant would and did agree to provide financial assistance to Andrei Aurel in an effort to facilitate his relocation to the United States and thereby foster the growth of the relationship.

c.    It was a further part of the wire fraud scheme that the defendant would and did make false and fraudulent use of her access and authority to initiate and send wires from FTS's escrow account to transfer funds for the benefit of Andrei Aurel.

d.    It was a further part of the wire fraud scheme that the defendant would and did access FTS's escrow account at Valley National Bank and initiate wires destined for accounts in various names at other financial institutions, in accordance with wiring instructions provided to the defendant by Andrei Aurel.

e.    It was a further part of the wire fraud scheme that the defendant would and did transmit, via text messaging, to the owner and/or another title closer in FTS's Clearwater office, requests for approval of the wires the defendant had initiated, which requests were in accordance with FTS's procedure for approving wires to be sent in connection with closings of real estate transactions.

  f. It was a further part of the wire fraud scheme that the defendant would and did lead FTS's owner and, more often, another title closer to believe that the wires the defendant had initiated were legitimate and necessary to close real estate transactions being handled by FTS's New Port Richey office, and would and did cause them to approve the wires in the Valley National Bank online system.

  g. It was a further part of the wire fraud scheme that the defendant would and did cause Valley National Bank to wire funds from FTS's escrow account to accounts in various names at other financial institutions, in accordance with wiring instructions provided to the defendant by Andrei Aurel.

  h. It was a further part of the wire fraud scheme that when confronted about the funds missing from FTS's escrow account, the defendant would and did make false and fraudulent misrepresentations to both her employer and to law enforcement about the sources of the missing funds and her handling of the funds in connection with a purported real estate deal in an effort to conceal the true nature of her actions.

  i. It was a further part of the wire fraud scheme that the defendant would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts performed in furtherance of the wire fraud scheme.

## Execution of the Scheme

5. On or about the date set forth below, in the Middle District of Florida and elsewhere, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, the defendant did cause to be transmitted by means of wire communication in interstate commerce the following:

On or about September 12, 2018, the defendant caused Valley National Bank to transfer $35,000, via wire, from FTS's escrow account to the BB&T account ending in 1232 in the name of "Frank O. Nani."

All in violation of 18 U.S.C. §§ 1343 and 2.

## FORFEITURES

1. The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant,

CHRISTY A. STANLEY,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By: *[signature]*
Rachelle DesVaux Bedke
Assistant United States Attorney
Deputy Chief, Economic Crimes Section

By: *[signature]*
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section