# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO.: 8:20-CR-48-T-35TGW

**CHRISTY A. STANLEY**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, A. FITZGERALD HALL, counsel for the Defendant, **CHRISTY STANLEY**, pursuant to Title 18, United States Code Sections 3551 and 3553(a), and moves this Court to: **ENTER AN ORDER OF PROBATION WITH HOUSE ARREST**. As grounds for this motion, undersigned counsel proffers the following:

### BACKGROUND

1. On January 30, 2020, the Government filed an information charging Ms. Stanley with wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Doc. 1). Ms. Stanley has consented to the filing of the information and, thus, waived indictment, and signed a plea agreement in this case (Docs. 2 & 3).

2. On May 15, 2020, pursuant to a plea agreement, Ms. Stanley pleaded guilty plea to the aforesaid information (Doc. 18). Ms. Stanley's sentencing was originally scheduled for Wednesday, September 2, 2020, but this Court granted a

continuance of the sentencing hearing and the new sentencing date is scheduled for Thursday, October 1, 2020 at 9:30 a.m. (Docs. 24, 31, 32, and 33). There are no objections to the Presentence Investigation Report ("PSIR").

3. Nevertheless, currently, the PSIR reflects a total offense level of 20 and a criminal history category of I (PSIR ¶¶33, 37, 38, & 77). This results in an advisory range of incarceration of 33-41 months (PSIR ¶77).

4. Notwithstanding the above, due to the nature and circumstances of the instant offense, the history and characteristics of Mrs. Stanley, the need for the forthcoming sentence to afford <u>adequate deterrence</u>, and the need to pay restitution to the victims in this case, Ms. Stanley requests this Court impose a sentence of probation with house arrest, pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

5. As outlined above, Ms. Stanley is facing an advisory sentencing guidelines range of incarceration of 33-41 months (PSIR ¶¶33, 38, & 77).

6. However, in this case, Mrs. Stanley requests this Court consider the following highlighted factors set-forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

    (1) **the nature and circumstances of the [instant] offense** and **the history and the characteristics of the defendant;**

    (2) the need for the sentence imposed-;

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) **to afford adequate deterrence to criminal conduct**;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**;
>
> (3) **the kinds of sentences available**;
>
> (4) [the applicable Sentencing Guidelines];
>
> (5) any pertinent [Sentencing Guidelines] policy statement;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) **the need to provide restitution to any victim of the offense.**

18 U.S.C. § 3553(a) (emphasis added). *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (same), *abrogated on other grounds by Rita v. United States,* 551 U.S. 338, 127 S. Ct. 2456 (2007); *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007) (same); *United States v. McBride*, 511 F.3d

1293, 1297 (11th Cir. 2007) (same).

7. Although the district court must adequately and properly consider the factors, nothing requires it to state on the record that it has explicitly considered each of the Section 3553(a) factors or to discuss each of the Section 3553(a) factors. *Garcia-Enriquez*, 664 F. App'x at 767 (citing *United States v. West*, 898 F.2d 1493, 1503 (11th Cir. 1990)). *See United States v. Dougherty*, 754 F.3d 1353, 1359 (11th Cir. 2014) (providing nothing requires the district court to discuss each of the Section 3553(a) factors and an acknowledgement that it has considered each will suffice) (citing *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)). *See also, United States v. Lora*, 627 F. App'x 881, 885 (11th Cir. 2015 (unpublished opinion) (district courts do not have to conduct an accounting of every factor or explain the role each played in the sentencing decision) (citing *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005)). Rather, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Lora*, 627 F. App'x at 885 (citing *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456 (2007)).

8. The weight given to each factor in § 3553(a) is a matter committed to the sound discretion of the district court. *United States v. Barrington*, 668 F.3d 1178, 1204 (11th Cir. 2011). *See United States v. Garcia-Enriquez*, 664 F. App'x

765, 767 (11th Cir. 2016) (unpublished opinion) (stating the weight given to any specific factor is committed to the sound discretion of the district court and a district court does not commit reversible error simply because it attaches significant weight to a single Section 3553(a) factor) (citing *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008)). "The court must consider all of the Section 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

9. "The fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Barrington*, 668 F.3d at 1204 (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (stating the weight to be accorded any given Section 3553(a) factor is a matter committed to the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors). "A district court has considerable discretion in deciding whether the Section 3553(a) factors justify a variance and the extent of one that is appropriate." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014) (citing *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) and *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

10. <u>The Guidelines are only one factor</u> to consider when imposing a sentence and §3553(a)(3) directs the judge to <u>consider sentences other than</u>

imprisonment. *Gall*, 552 U.S. at 59, 128 S. Ct. at 602 (2007) (emphasis added).

11. It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as <u>an individual</u> and every case as <u>a unique study</u> in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

12. Pursuant to Section 3553(a), and the above-cited case law, Mrs. Stanley requests this Court impose a reasonable sentence in this case. In particular, Mrs. Stanley requests this Court impose a sentence of probation with house arrest due to the following: the nature and circumstances of the instant offense, her history and characteristics, the need for the forthcoming sentence to afford <u>adequate</u> deterrence, and the need to pay restitution to the victim in this case.

**A. The Nature and Circumstances of the Instant Offense.**

13. The circumstances surrounding this case are outlined in the PSIR (PSIR ¶¶10-17). In short, Mrs. Stanley, entrusted with the proper handling of her company's funds, diverted those funds for the use of another. *Id.*

14. This Court should note that although the facts surrounding this case are absent any acts of violence committed by Mrs. Stanley towards anyone, *id.*, and is a white collar offense, the offense is still a serious one as $501,131.30 was taken by

Mrs. Stanley from her former employer, First Title Source ("FTS"). *Id.* In fact, it is undisputed that Mrs. Stanley became involved in an online relationship with an Andrei Aurel and in what "she believed" was a relationship going somewhere (PSIR ¶11). Aurel, who allegedly resided outside the United States, was able to convince Mr. Stanley that he wanted to relocate to the United States and continue the romantic relationship with her but he needed her financial assistance in order to relocate to the United States (PSIR ¶¶11-14). Believing this, and following Aurel's instructions for wiring money to assist him in relocating to the United States, Mrs. Stanley wired money belonging to FTS to Aurel. *Id.* After being duped by Aurel in believing the two had a future together, and after receiving the funds from Mr. Stanley, Aurel disappeared and Mrs. Stanley is now left with the sole responsibility for this criminal offense. Mrs. Stanley is now facing, what is to her, a <u>substantial</u> federal prison sentence of 33-41 months' incarceration (PSIR ¶77).

15. However, this Court should also note that Mrs. Stanley is not a "frequent customer" of the criminal justice system such as the career offender or the armed career criminal or even the offender in criminal history categories IV, V, or VI. Thus, considering the circumstances surrounding this case, a non-violent offense, and the need to pay restitution to the victim in this case, a sentence of probation with house arrest would be an alternative disposition of this case.

**B. The History and Characteristics of Mrs. Stanley.**

16. Indeed, as *Alfaro-Moncada, supra.,* notes, Mrs. Stanley is a "unique study in the human failings" and, in this case, the facts establish that she stole $501,131.30 from her employer as a result of what she believed was a true relationship with a promising future. In other words, Mrs. Stanley was tricked into giving money to a stranger she thought she could develop a relationship with who left her empty handed and with no way to repay the money she stole from her employer.

17. Again, there are no acts of violence involved in this case. *Id.*

18. It is to be noted that Mrs. Stanley has zero criminal history points in this case and this results in her being in criminal history category I---the lowest possible criminal history category (PSIR ¶¶35-41). Said differently, Mrs. Stanley is not in the higher criminal history categories of four, five, or even six. *Id. See also*, Federal Sentencing Guidelines Table.

19. Additionally, as outlined in the PSIR, Mrs. Stanley has had "a rough go of it in life." For example:

    a. Mrs. Stanley and her siblings moved frequently and they were raised by her parents and extended family members;

    b. Mrs. Stanley lacked being raised in a structured environment as her father was an alcoholic and her mother was chasing men;

  c. Mrs. Stanley, at an early age, was responsible for taking care of her brothers;

  d. Mrs. Stanley was abused by her father's friends;

  e. Mrs. Stanley reports being raped by two boys she knew at the age of 14; and

  f. Mrs. Stanley, at the age of 17 started a life of her own by moving in with a boyfriend and his family.

*See* PSIR ¶44.

 20. Mrs. Stanley has been married three (3) times and those relationships involved domestic violence (PSIR ¶¶45(b), (c), & (d)). Regardless of the amount of marriages, the obvious question is why would Mrs. Stanley remain in such abusive relationships? The simple suggested answer is Mrs. Stanley lacks self-esteem and she is easily manipulated.

 21. Also, Mrs. Stanley has a substantial history of mental health issues:

  a. Thoughts of suicide;

  b. attempted suicide;

  c. Depression;

  d. Anxiety; and

  e. The prescription of numerous mental health drugs.

(PSIR ¶¶54-58). *See also*, Psychological Evaluation of Mrs. Stanley by Dr. Valerie McClain (sent separately to all parties).

22. Additionally, Mrs. Stanley has a history of substance and alcohol abuse For example:

    a. Mrs. Stanley began drinking alcohol at age 13;

    b. Smoking marijuana regularly at age 14 until 2019; and

    c. Abusing Percocet pills until February 2020; at the age of 18 and used cocaine two times per month;

(PSIR ¶59-61). In short, Mrs. Stanley could certainly benefit from substance abuse treatment, which could be accomplished as a condition of her probation.

23. Thus, it appears that the sum total of Mrs. Stanley's history and characteristics suggests that a sentence of probation with house arrest would be an appropriate sentence in this case in lieu of incarceration. *See e.g.*, PSIR ¶¶91, 92, & 93. Additionally, such a sentence would allow Mrs. Stanley to continue to receive mental health treatment (PSIR ¶¶57 & 58) and undergo substance abuse treatment (PSIR ¶61).

    **C.    Need to Pay Restitution to the Victim**

24. In this case, the restitution owed to the victim, First Title Source, is $501,131.30. This is restitution that Mrs. Stanley is responsible for paying to First Title Source as a result of her criminal conduct. This restitution obligation could serve as an added basis to place Mrs. Stanley on probation, with house arrest, to

allow her the opportunity to work and pay the restitution owed in this case in lieu of any incarceration.

## D. Sentence to Afford Adequate Deterrence.

25. Finally, Mrs. Stanley is requesting this Court enter an order of probation with house arrest, in lieu of incarceration, as such a sentence would be a reasonable sentence. In fact, considering the circumstances surrounding this case (the absence of any acts of violence towards anyone and the lack of <u>any</u> criminal history) and Mrs. Stanley's history and characteristics, a sentence of probation with house arrest, in lieu of any incarceration, would accomplish all of the factors arrayed in Section 3553(a). In particular, a sentence of probation with house arrest, with hefty conditions of probation, would accomplish the following: reflect the seriousness of the offense, promote respect for the law, impose a different kind of sentence contemplated under Section 3553(a), <u>allow the repayment of restitution to the victim</u>, and provide just punishment for the instant offense.

26. Additionally, but equally important, is the fact that a period of probation with house arrest, in lieu of incarceration, would be an adequate sentence and a <u>federal</u> sentence that would deter Mrs. Stanley from committing any criminal conduct in the future.

27. Assistant United States Attorney Rachelle Des Vaux Bedke opposes this request.

WHEREFORE, Mrs. Stanley prays this Court grant the relief requested herein and enter an order of probation.

DATED this 24th day of September 2020.

Respectfully submitted,

JAMES T. SKUTHAN
ACTING FEDERAL DEFENDER

By: *s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Alec_Hall@fd.org
*Defense Attorney for Stanley*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of September 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to:

AUSA Rachelle Des Vaux Bedke.

By: *s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Assistant Federal Defender